UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **MICHAEL D. SMITH,**<br>*Plaintiff* § § § | |
| **v.** § § | Case No. 1:21-cv-00338-LY-SH |
| **U.S. BANK, N.A., as Trustee, and**<br>**NEWREZ LLC f/k/a NEW PENN**<br>**FINANCIAL, LLC d/b/a**<br>**SHELLPOINT MORTGAGE**<br>**SERVICING,**<br>*Defendants* § § § § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendants NewRez LLC d/b/a Shellpoint Mortgage Servicing's and U.S. Bank, N.A., as Trustee's Rule 12(c) Dismissal Motion, filed July 16, 2021 (Dkt. 5). On April 19, 2021, the District Court referred all pending and future motions in this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 4.

## I.  Background

On June 30, 1998, Plaintiff Michael D. Smith executed a Mechanic's Lien Contract with Power of Sale with Jim Walter Homes, Inc. (the "Loan Contract") in which Smith promised to repay a loan of $110,700 secured by property at 486 Oak Forest Drive, Somerville, Texas 77879. Dkt. 1-2 at 4, 21, 23. Defendant NewRez LLC f/k/a New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") currently services the loan on behalf of Defendant U.S. Bank as Trustee,

Successor by Merger to First Union National Bank as Trustee for Mid-State Trust VIII (collectively, "Defendants"). *Id.* at 3.

Smith defaulted on the loan by failing to make payments. On March 15, 2021, Shellpoint sent Smith a Notice of Substitute Trustee's Sale notifying him that his property would be sold at foreclosure to satisfy the remaining debt. Dkt. 1-2 at 16. Shellpoint scheduled the foreclosure sale for April 6, 2021. *Id.*

On March 30, 2021, Smith filed a lawsuit in state court seeking a temporary restraining order against the foreclosure sale. *Smith v. U.S. Bank, N.A.*, No. 30324 (335th Dist. Ct., Burleson Cnty., Tex. Mar. 30, 2021); Dkt. 1-2. Smith alleges that Defendants breached the Loan Contract and their duty to provide notice of transfer and acceleration of the loan and negligently misrepresented his loss mitigation options. Smith further alleges that Defendants' notices of acceleration and foreclosure violated the Texas Property Code.

On March 31, 2021, the state court issued a temporary restraining order enjoining the foreclosure sale and set an injunction hearing for April 19, 2021. Dkt. 1-3. After filing their Answer on April 16, 2021, Defendants removed the case based on federal question and diversity jurisdiction. Dkt. 1 ¶¶ 2-3; Dkt. 1-4. Defendants now move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), asking the Court to dismiss Smith's Complaint for failure to state a claim. Smith did not respond to Defendants' motion.

## II. Legal Standard

The standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim. *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019).

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is generally limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

### III.   Analysis

Defendants seek dismissal of all Smith's claims. Because Smith failed to respond to Defendants' motion, the Court may grant the motion as unopposed pursuant to Local Rule CV-7(d)(2). Nonetheless, the Court proceeds to address the merits of Defendants' motion.

3

### A. Negligence and Negligent Misrepresentation

For his negligence claim, Smith alleges that Defendants "had a duty . . . to comply with the notice provisions contained in the deed of trust before accelerating the note and foreclosing on the property." Dkt. 1-2 ¶ 12. Smith alleges that Defendants' duty "can be found in the regulation of the Department of Housing and Urban Development ('HUD') which is incorporated with the Deed of Trust." *Id.* ¶ 13. Smith further contends that "Defendant failed to use reasonable care in communicating to Plaintiff the options of loss mitigation." *Id.* ¶ 14. He alleges that Defendants' representations regarding loan modification options "were false" because Defendants "wrongfully attempt[ed] to foreclose on Plaintiff's property," while they "avoided and evaded Plaintiff inquiries about an appeal [ ] of [his] modification application." *Id.* ¶¶ 14-15.

Smith's negligence and negligent misrepresentation claims are barred by the economic loss rule. The economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 177-78 (5th Cir. 2016) (quoting *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007)). "In operation, the rule restricts contracting parties to contractual remedies for those economic losses associated with the relationship, even when the breach might reasonably be viewed as a consequence of a contracting party's negligence." *Id.* at 178. The doctrine applies unless the "duty allegedly breached is independent of the contractual undertaking and the harm suffered is not merely the economic loss of a contractual benefit." *Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014).

Smith's negligence and negligent misrepresentation claims are based on Defendants' alleged (1) failure to give the notice of acceleration and foreclosure required by the Loan Contract, and (2) representations as to Smith's options for loss mitigation, including his application to modify

4

the Loan Contract. Dkt. 1-2 ¶¶ 12-16. Smith has not alleged any independently recoverable injury outside of economic loss associated with his Loan Contract with Defendants. *See Tyler v. Ocwen Loan Servicing*, No. 3:15-CV-1117-N-BK, 2015 WL 5326195, at *2 (N.D. Tex. July 30, 2015), *R. & R. adopted*, 2015 WL 5398478 (N.D. Tex. Sept. 14, 2015) (holding that economic loss rule applied to plaintiff's fraud claims where claims were based in part on "misleading information in response to her loan modification application"); *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 587 (N.D. Tex. 2013) (finding that home mortgagor's negligent misrepresentation claim against mortgage loan servicer was barred by economic loss rule). Accordingly, the economic loss rule precludes Smith's negligence and negligent misrepresentation claims.

**B. Violation of Section 51.002 of the Texas Property Code**

Smith alleges that Defendants violated Section 51.002(b) and (d) of the Texas Property Code. Section 51.002(d) requires a mortgage servicer to "serve a debtor in default . . . with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b)." Section 51.002(b)(3) states that written notice of a foreclosure sale must be sent to "each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt." Defendants argue that Smith's Section 51.002(d) claim fails because the statute does not create an independent cause of action and Smith does not allege that Defendants failed to provide timely notice under either Section 51.002(b) or (d).

Neither the Fifth Circuit Court of Appeals nor the Texas Supreme Court has determined whether a party can bring a private cause of action directly under Section 51.002(d). *Rucker v. Bank of Am., N.A.*, 806 F. 3d 828, 830 n.2 (5th Cir. 2015). In *Rucker*, however, the Fifth Circuit observed that district courts addressing the question "seem to conclude that Section 51.002(d) does

5

not intend an independent private cause of action." *Id.*; *see also Carey v. Fargo*, No. H-15-1666, 2016 WL 4246997, at *3 (S.D. Tex. Aug. 11, 2016) (stating that Section 51.002 "does not provide Plaintiffs with a private right of action"); *Recio-Garcia v. Ditech Fin. LLC*, No. 6:17-cv-00354, 2018 WL 4688758, at *3 (W.D. Tex. June 6, 2018) (stating that "[a]n alleged violation of § 51.002(d) does not create an independent cause of action and instead must be brought as a wrongful foreclosure action"), *R. &. R. adopted*, 2018 WL 4701819 (W.D. Tex. July 10, 2018).

The Court need not decide this issue, however, because even if Section 51.002(d) authorizes an independent cause of action, Smith has not stated a violation of the statute. Smith does not allege that Defendants failed to provide timely notice of the acceleration or the foreclosure sale under Section 51.002(b) or (d). Rather, he alleges that "when [he] received the notice of accelerations, [he] in fact did raise issues regarding his loan and payment history and pending loan workout alternatives." Dkt. 1-2 ¶ 21. He further alleges that "until the disputes were resolved any notice to post his property for sale would be premature." *Id.* Because Smith fails to allege that Defendants did not provide timely notice under the statute, he has not stated a claim for violations of Section 51.002(b) and (d) of the Texas Property Code.

## C. Breach of Contract

Defendants contend that Smith does not state a claim for breach of contract because he does not allege that he performed or tendered performance of his obligations under the Loan Contract, and that his claim fails because he breached the Loan Contract first by failing to make payments. The elements of breach of contract under Texas law are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff as a result of the defendant's breach. *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244 (5th Cir. 2018). "It is a well-established rule that a party to

a contract who is himself in default cannot maintain a suit for its breach." *Von Scheele v. Wells Fargo Bank, N.A.*, No. SA-12-CV-00690-DAE, 2013 WL 5346710, at *5 (W.D. Tex. Sept. 23, 2013) (quoting *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)).

Smith states no facts to support the second element of his breach of contract claim; he alleges neither that he fully performed his obligations under the Loan Contract or tendered past due payments to cure his default. Accordingly, Smith's breach of contract claim should be dismissed for failure to state a claim.

### D. Wrongful Foreclosure

It is unclear whether Smith alleges a separate common law wrongful foreclosure claim, but any such claim would fail under Texas law. "A claim for wrongful foreclosure requires that the property in question be sold at a foreclosure sale." *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 708 (N.D. Tex. 2011) (citing *Allied Cap. Corp. v. Cravens*, 67 S.W.3d 486, 492 (Tex. App.—Corpus Christi 2002, no pet.)). Thus, "[a] claim of wrongful foreclosure cannot succeed . . . when no foreclosure has occurred." *Foster v. Deutsche Bank Nat'l Tr. Co.,* 848 F.3d 403, 406 (5th Cir. 2017); *see also Suarez v. U.S. Bank Tr. Nat'l Ass'n*, No. SA-18-CV-00849-OLG, 2019 WL 1048854, at *7 (W.D. Tex. Mar. 4, 2019) (stating that, "in Texas, there is no cause of action for an attempted wrongful foreclosure"), *R. & R. adopted*, 2019 WL 2565268 (W.D. Tex. Apr. 12, 2019). Because Smith does not allege that any foreclosure sale occurred, he has not stated a claim for wrongful foreclosure.

### E. Conclusion

Smith has not identified or sufficiently alleged facts to support a claim for any additional theory of recovery. Defendants' Motion to Dismiss should be granted because Smith has failed to state a claim for relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678.

## IV. Recommendation

The undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendants NewRez LLC d/b/a Shellpoint Mortgage Servicing's and U.S. Bank, N.A., as Trustee's Rule 12(c) Dismissal Motion (Dkt. 5) and **DISMISS** Plaintiff Michael D. Smith's Complaint in its entirety.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on February 4, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE